Jud&e Owsley
delivered the opinion of the court,*
Prather and Smiley and Morehead having purchased of Crist 300 acres of land, and obtained from him an obligation for a conveyance, the two former sold to Morehead their interest in the land, and assigned to him the bond oij Crist.
Morehead thereafter sold the bond to Bibb, and obtained from him two bonds, each for the payment of 1250.
These bonds were subsequently assigned by Morehead to Prather and Smiley, in satisfaction of the debt due to them for the purchase of the land; and suits having been brought thereon against Bibb, he exhibited his bill in equity, for the purpose of being relieved, on the grounds, among other things, of Crist having no title, and being unable to convey the land; and the cause having come on to a final hearing, a decree was pronounced, discharging Bibb from any liability upon the bonds.
Before the final decision, however, in favor of Bibb, but whilst the jju|f was depending in his favor against Prather and Smiley and Morehead, viz. on the 2d day of September, 1805, Morehead executed to the.said Prather and Smiley, a writing, wherein it was recited “that I stood indebted to them considerable sums, for securing the payment “whereof I transferred by assignment to them obligation# “given by Crist and Fry and Shepherd to him, for the conveyance cf between 4 and 500 acres of land, which bonds “were afterwards delivered to Richard Bibb, who gave his “bonds to me (Morehead) for 1500, which bonds were assigned to Prather and Smiley by me, for value received, “on which they brought suits and recovered judgments, one “of which was enjoined by Bibb, and which injunction is “now depending in the Nelson circuit court; *jncl it seems “to be the wish of Bibb, and it is acceded to by Prather and “Smiley and myself, that the contract with Bibb be resrind-“ed, upon such grounds as that court shall deem equitable. “In case the said contract with Bibb shall be set aside by “the court, I do hereby, for myself and my heirs, agree, “that at the same time that court shall and may make such “decree as they shall judge expedient, so as to make the *543 ftthe said land subject to the said claim of Prather and Smiley, and fot the payment of all costs which they may expend in said suits.” — And the agreement further recites, “that whereas, said Prather and Smiley have received from “said Bibb the amount of one of the bonds, say 1250, with “interest, &c. and if the contract with Bibb shall be set. “aside, they will be decreed to refundJfcat sum to Bibb, I “do agree to refund that sum to Bibb, and pay whatever “sum Prather and Smiley may be decreed to pay him in vir“tue of the promises, &c.” — And further proceeds, “that if “Morehead should fail to pay, &c, Prather and Smiley “might Sell the lands, &c. so as to indemnify themselves.”
After the decree in favor of Bibb was pronounced, this suit was brought by Prather and Smiley, upon the writing just recited, as well to obtain indemnity for the bonds assigned by Morehead upon Bibb, as to subject the lands to the lien created by the writing, &c.
Morehead admits the assignment "of tire bonds upon Bibb, but alledges they were usurioitsly obtained for less than their real amount; and by his answer, which be exhibits in the nature of a cross bill, charges, that the debt, for the payment whereof the bonds vvere assigned, was created by the purchase from Prather and Smiley of their moiety of the 300 acres of land, which had been previously purchased from Crist, and as Bibb has been absolved from the payment of the bonds, in consequence of Crist’s inability to convey, be insists that the contract of purchase by him from Prather and Smiley, should also be set aside, &c.
The bill of Morehead, and the cross bill of Prather and Smiley, having come on to hearing, a decree was entered in favor of the latter against the former, for Z 518 3s. Id. and ■Commissioners appointed to sell the land designated in the writing given by Morehead. And the commissioners having, at a subsequent term, reported the sale and conveyance of the land, their report was confirmed by the court, and a decree finally entered against Morehead for the residue of the Z518 3s. Id. not satisfied by the sale of the land.
From that decree Morehead has prosecuted this writ of error.
The first objection taken to the decree, involves an en-quiry into the sufficiency of the matter charged in the answer by way of cross bill, to set aside the sale by Prather and Smiley, of their moiety of the land previously purchased of Crist.
Alto’ the 4»⅛ ofa bond ⅛» ^nominal amount may not be usuri-the event of » recoil, is answerable^ mount of the consideration bond terest*11 and iast.
|f that sale had been superinduced by the fraud of Pro ther and Smiley, or jf both parties Were, at the time of making the contract, ignorant of the defect of Crist’s title, and Morehead thereafter prevented by the inability of Crist from obtaining indemnity for his failure to convey, there could be no doubt, but Morehead ought to be relieved.
But we are relieved from enquiring into factsWhich otherwise might have had an important bearing in this case, by the circumstance of Morehead having, in 1805, given the writing, already cited, to Prather and Smiley, By that instrument he expressly undertakes to indemnify Prather and Smiley against the equity asserted by Bibb; and as the defect of Crist’s title formed the basis of Bibb’s right to relief, Morehead, who was a partv to that contest, must be presumed to have known it, ancfconsequently, by his undertaking to Prather and Smiley, must have intended to abandon all objections resulting from a defect in Crist’s title. — — The defect in Crist’s title, therefore, cannot have raised any solid objection ⅛> the right of Prather and Smiley to relief.
But upon the supposition of their being entitled to relief,' it is objected, that inasmuch as Bibb’s bonds are shewn to have been given by Morehead at a discount greater than the rate of legal interest, the assignment of them was usurious, and hence it is urged, that the decree in not so eon-sidering it, is erroneous. .
We have no doubt, however,-that the assignment of those bonds was not usurous There are no circumstances in the cause conducing to prove, that either a loan of money, or forbearance of its payment, Was the inducement to the transfer of those bonds; but the case is the naked one, of a sa]e of bonds by one man to another; at a discount greater than the legal rate of interest, and as such, we apprehend, does not come within the laws against usury, gut although not within those laws, we are of opinion in 8 proceeding against the assignor, more cannot be recovered than the actual consideration oí the assignment, amd mte-rest and cost. For as the assignor’s liability results from, an undertaking implied by law, the consideration paid with interest and cost must be the extent of liability implied, . Testing the present case, therefore, by this rule, no error Perce*ved'n the decree of the court below. For giving Mordicad every credit to which he has shewn any pretext of claim, there will remain upon the consideration interest *545 and cost, a sum due Prather and Smiley equal to that decreed.
fíibb for plaintiff, Littell and Hardin for defendants in error.
But it is moreover objected, that on account of the ina-adequacy of the sum for which the land was sold by the commissioners; the court should have quashed their report and set aside the sale.
This objection, however, appears not to have been made in the court below, and as it involves questions of fact not to be ascertained here, if otherwise sustainable, certainly cannot now be availing.
The decree must therefore be affirmed with cost.

 ?4bsenb Judge tiOTVA*.